UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 22-00240-DSF (AGRx) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Kelly Pinn v. Consumer Credit Counseling Foundation, Inc., et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|
| K. Lozada | CS 01/19/2023 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Ethan Preston | n/a |

| Proceedings: | MINUTES OF HEARING RE: PLAINTIFF KELLY PINN'S MOTION TO COMPEL NON-PARTIES GLOBAL LYNKS LLC, AMIR DAWOOD, DAWOOD & COMPANY, AND ASSURED LEGAL SERVICES, LP TO COMPLY WITH SUBPOENAS (Dkt. No. 1) |
|---|---|

Case is called. Counsel states his appearance. There is no appearance for third parties Global Lynks LLC, Amir Dawood, Dawood & Company and Assured Legal Services LP.

Plaintiff Kelly Pinn filed a motion to compel third parties Global Lynks LLC and Amir Dawood, Dawood & Company and Assured Legal Services LP (hereinafter "Dawood Witnesses") to comply with their respective subpoenas. (Dkt. No. 1.) Pinn filed proofs of service for the subpoenas and the motion to compel. (Dkt. Nos. 1, 6.) At the hearing, Plaintiff's counsel represented that he had not received responses to the subpoenas or the motion.

The court where compliance is required – in this case, the Central District of California – "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena." Advisory Comm. Note, 2013 Amendment. Plaintiff seeks an order compelling compliance with the subpoenas.

*Factual Background*

In the underlying action in the Northern District of California, Plaintiff alleges that Defendants Consumer Credit Counseling Foundation, Inc. ("CCCF"), National Budget Planners of South Florida, Inc. ("NBP"), and Ishwinder Judge violated the Telephone Consumer Protection Act ("TCPA") via phone calls to Plaintiff's residential phone number in April 2022. In discovery, Defendants indicated that they contracted with third party Digital Media Solutions, LLC ("DMS"). (Preston Decl. ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 22-00240-DSF (AGRx) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Kelly Pinn v. Consumer Credit Counseling Foundation, Inc., et al. | | |

According to Plaintiff's counsel, DMS explained that Plaintiff consented to the April 2022 calls at issue by visiting a website called healthinstantly.org on February 2, 2022. DMS provided a link from ActiveProspect, Inc., that purported to be a record of Plaintiff consenting to the calls, including by "marketing partners" listed on a website known as marketingpartners.business. (Preston Decl. ¶¶ 5-6 & Exh. 3.) The IP address for the website healthinstantly.org is 51.81.207.101, which is owned by OVH US LLC ("OVH"). In response to a subpoena, OVH indicated the subscriber for the 51.81.207.101 IP address is Global Lynks, LLC, at 500 N State College Suite 1100, Orange, CA 92868-1100. (*Id.* ¶ 7.) According to information provided by Namecheap, Inc., in response to a subpoena, the registrant for the marketingpartners.business website is Adam Houston at 500 N State College Suite 1100, Orange, CA 92868. (*Id.* ¶ 8.)

The agent for service of process for Global Lynks is Dawood & Company. (*Id.* ¶ 10 & Exh. 5.) The agent for service of process for Dawood & Co. and Assured Legal Services, LP is A. Nathan Dawood, the company's CEO, CFO, Secretary and Director. (*Id.* ¶ 10 & Exhs. 6-7.)

*Discussion*

Plaintiff seeks to discover information regarding healthinstantly.org, the source of DMS' assertion that Plaintiff consented to the calls at issue.

Global Lynks

The subpoena to Global Lynks contains 12 document requests. (Dkt. No. 1-2 at 56-57.)

Request Nos. 1-3 call for information that appears directly relevant to corroborate Plaintiff's alleged consent on February 2, 2022.

Request No. 4 calls for all communications with the FCC regarding robocalls. This request is overbroad on its face, without any time period, and does not appear to have relevance to the issue of Plaintiff's consent. Request No. 4 is denied without prejudice.

Request Nos. 5-8 are facially overbroad in that they seek every communication between Global Lynks and a specific company. The Court narrows these requests as follows. Request No. 5 calls for documents sufficient to show (a) the nature of the business relationship, if any, between Global Lynks and DMS in 2022; and (b) the total amount of payments, if any, made from Global Lynks to DMS or vice versa in 2022. Request No. 6 calls for documents sufficient to show the nature of the business relationship, if any, between Global Lynks and marketingpartners.business in 2022. Request No. 7 calls for documents sufficient to show the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 22-00240-DSF (AGRx) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Kelly Pinn v. Consumer Credit Counseling Foundation, Inc., et al. | | |

nature of the business relationship, if any, between Global Lynks and Vedanata Infortech or Aman Gupta in 2022.  Request No. 8 calls for documents (a) sufficient to show the business relationship, if any, between Global Lynks and ActiveProspect in 2022; and (b) constituting or regarding communications, including electronic downloads, between Global Lynks and ActiveProspect on February 2, 2022.

Request No. 9 calls for all documents about Plaintiff's case, including the subject subpoena.  Request No. 9 does not appear proportional to the needs of this case and will be denied without prejudice.

Request No. 10 calls for Global Lynks' document retention policy in effect in 2022 and may be relevant in the event Global Lynks responds that no responsive documents exist.

Request No. 11 is applicable only in the event that Global Lynks seeks payment of reasonable expenses associated with responding to the subpoena.  Request No. 12 is applicable only in the event Global Lynks asserts objections to the subpoena other than attorney client privilege or work product doctrine.

### Dawood, Dawood & Company and Assured Legal Services, LP

According to the California Secretary of State filings, Dawood & Company is the agent for service of process for Global Lynks.  Mr. Dawood is the CEO, CFO, Secretary, Director and agent for service of process for Dawood & Company.  There appears to be no relationship between Global Lynks and Assured Legal Services, LP.  Therefore, Plaintiff's motion to compel compliance by Assured Legal Services, LP is denied.

Given that Dawood & Company's status as agent for service of process on Global Lynks, Dawood & Company and Mr. Dawood will be ordered to respond only to Request Nos. 6-7.  The remaining document requests do not appear applicable.

Request No. 6 is narrowed to documents sufficient to show the business relationship between Dawood & Company and Global Lynks in effect in 2021-2022, including any contracts.  Dawood & Company and Mr. Dawood shall comply with Request No. 7 for the time period January 1, 2022 – December 31, 2022.

*Order*

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 22-00240-DSF (AGRx) | Date | January 19, 2023 |
|---|---|---|---|
| Title | Kelly Pinn v. Consumer Credit Counseling Foundation, Inc., et al. | | |

1. Plaintiff is ordered to serve a copy of this Order upon Global Lynks, Dawood & Company, and Mr. Dawood.

2. Within 30 days after service of this Order upon Global Lynks, Global Lynks shall produce documents responsive to Request Nos. 1, 2, 3, 5-8 (as narrowed by the Court above), 10 (as narrowed by the Court above), and 11-12 if applicable as explained above.

3. Within 30 days after service of this Order upon Dawood & Company and Mr. Dawood, Dawood & Company shall produce documents responsive to Request Nos. 6-7 (as narrowed above by the Court).

4. In all other respects, Plaintiff's motion is denied without prejudice.

cc: District Judge Dale S. Fischer

|  | 0 | : | 25 |
|---|---|---|---|
| Initials of Preparer | kl | | |